J-S28026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVE JEROME BROWN, | |
| Appellant | No. 2009 MDA 2014 |

Appeal from the PCRA Order entered November 5, 2014,
in the Court of Common Pleas of Dauphin County,
Criminal Division, at No(s): CP-22-CR-0000064-2004,
CP-22-CR-0000394-2004, CP-22-CR-0000395-2004,
CP-22-CR-0003219-2004, CP-22-CR-0003480-2004,
& CP-22-CR-0004402-2003

BEFORE: BOWES, ALLEN, and LAZARUS, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED MAY 14, 2015**

Steve Jerome Brown ("Appellant") appeals *pro se* from the order denying as untimely his second petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The background of this case is as follows:

> On August 9, 2001, [Appellant] pleaded guilty, at multiple docket numbers, to numerous drug related offenses, as well as criminal conspiracy, recklessly endangering another person, and a weapons offense. On December 2, 2004, [Appellant] was sentenced to an aggregate term of 11 to 22 years' imprisonment. On December 10, 2004, [Appellant] filed a petition to withdraw his guilty plea, which was denied on January 6, 2005. No direct appeal was filed.

On August 18, 2009, [Appellant] filed [a] PCRA petition. Counsel was appointed, but on October 23, 2009, counsel filed a "no-merit" brief [pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*),] and application to withdraw based upon the untimely nature of [Appellant's] petition. On November 3, 2009, the PCRA court issued notice of its intention to dismiss the petition without a hearing and permitted counsel to withdraw. Appellant filed a response on November 18, 2009. . . . [O]n December 7, 2009, the court denied the petition as untimely.

**Commonwealth v. Brown**, 23 A.3d 1085 (Pa. Super. 2011), unpublished memorandum at 1-2 (footnote omitted).

Appellant filed a timely *pro se* appeal to this Court. On January 19, 2011, we affirmed the PCRA court's order. **Brown**, **supra**. Appellant did not file a petition for allowance of appeal with our Supreme Court.

On May 23, 2013, Appellant filed a *pro se* "PETITION FOR CREDIT FOR IMPRISONMENT WHILE IN CUSTODY PRIOR TO SENTENCE." Treating the filing as a second PCRA petition, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition as untimely. On October 21, 2013, Appellant filed a *pro se* response in which he essentially asserted that he was seeking *habeas corpus* relief outside the parameters of the PCRA. On January 15, 2014, the Commonwealth filed its answer to both Appellant's petition and response to the PCRA court's Pa.R.Crim.P. 907 notice. On July 17, 2014, Appellant filed a *pro se* "PETITION FOR HABEAS CORPUS," in which he sought relief pursuant to the United States Supreme Court's recent holding in **Alleyne v. United States**, 133 S.Ct. 2151 (2013).

In an order entered August 20, 2014, the PCRA court addressed all three of Appellant's *pro se* filings. As to the petition raising a "credit for imprisonment" issue, the PCRA court ordered that Appellant "is to receive time credit in the above captioned matter from August 16, 2004, as was [the trial court's] intent." Order, 8/20/14, at 1 (citation omitted). As to Appellant's response and subsequent petition, the PCRA court treated Appellant's request for *habeas corpus* relief as an extension of his second PCRA petition, and reiterated its intent to dismiss this petition without a hearing. **See generally**, **Commonwealth v. Peterkin**, 722 A.2d 638, 639 n.1 (Pa. 1998) (stating that the PCRA subsumes other post-conviction remedies).

Appellant filed a *pro se* appeal to this Court on September 8, 2014. By order filed November 3, 2014, this Court quashed Appellant's *pro se* appeal because it was filed from an interlocutory order. By order entered November 5, 2014, the PCRA court denied Appellant's second PCRA petition, and Appellant filed a timely *pro se* appeal. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the

findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. ***Commonwealth v. Jordan***, 772 A.2d 1011 (Pa. Super. 2001).

Before addressing the issues Appellant presents on appeal, we must first consider whether the PCRA court properly determined that Appellant's petition was untimely. The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). Thus, if a petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. ***Id***. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. ***Id.***

Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized."

- 4 -

*Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." *Gamboa-Taylor*, 753 A.2d at 783. *See also* 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

Appellant's judgment of sentence became final on or about February 7, 2005, thirty days after the time for filing a direct appeal to this Court had expired. 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant had to file the PCRA petition at issue by February 7, 2006, in order for it to be timely. As Appellant filed his petition on May 23, 2013, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant has failed to plead and prove any exception to the PCRA's time bar. Indeed, within his *pro se* filings, Appellant has not proffered the applicability of any time-bar exception. *Burton*, *supra*. Instead, Appellant asserts that a question regarding the legality of his sentence can be raised at any time. Appellant's analysis is incomplete; "though not technically

waivable, a legality of sentence claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies." **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014). Finally, because Appellant's judgment of sentence became final in 2006, and **Alleyne** has not been held to apply retroactively to a final judgment of sentence, Appellant cannot establish an exception to the PCRA's time bar. **See generally**, **Miller**, **supra**.

In light of the foregoing, we affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.


Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/14/2015